**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA RUTAN, | : | |
| | : | Case No. 2:14-CV-199 |
| Plaintiff, | : | |
| | : | Judge George C. Smith |
| v. | : | |
| | : | Magistrate Judge Mark R. Abel |
| MOUNT CARMEL HEALTH SYSTEM, et al., | : | |
| | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER**

**AND CONFIDENTIALITY AGREEMENT**

WHEREAS, documents and information may be produced by Plaintiff and Defendants during this litigation that are of a confidential, proprietary, personal or private nature to the parties or to the parties' respective employees or former employees, IT IS HEREBY STIPULATED AND AGREED THAT:

1. All documents, answers to interrogatories, responses to requests for production of documents, answers to requests for admission, deposition testimony, deposition exhibits, or other information obtained through any means of pre-trial discovery, or any portion thereof, may be designated as confidential by Plaintiff, Defendant, or any third-party producing material if that party has a reasonable, good faith belief that such material constitutes sensitive personal information, medical information, financial information, or other confidential research which is in fact confidential.

2. Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated.  With regard to

deposition testimony, a party may designate portions of the record CONFIDENTIAL by notifying the other party on the record at the deposition or in writing no later than ten days after the transcript is received.

    (a)    Confidential Material shall not be produced, used, exchanged, or disclosed by the parties, or counsel for the parties, or any persons identified in paragraph 3 below for any purposes whatsoever other than preparing for, assisting with, and conducting this litigation, or any appeals.

    (b)    Except as provided herein, counsel for the parties shall keep all Confidential Material and shall take reasonable efforts to place Confidential Material in a secure location.

    (c)    All copies, duplicates, extracts, summaries, or descriptions of Confidential Material or any portion thereof, including handwritten notes, correspondence, and any document incorporating Confidential Material, shall likewise be treated just as Confidential Material must treated under this Order, except as may otherwise be provided herein.

3.    Information designated "CONFIDENTIAL" shall not be disclosed or disseminated to anyone, except:

    (a)    The Court and Court personnel involved in this litigation;

    (b)    Members of the jury, if any, in this litigation;

    (c)    Counsel of record for the parties and regular employees of such attorneys, who have direct functional responsibility for the preparation and trial of this lawsuit, including other attorneys, paralegals, and clerical staff;

    (d)    The parties or their officers, directors, and employees, provided that disclosure may be made to employees of a party only when required in good faith to provide assistance in the preparation and trial of this lawsuit;

    (e)    The charging party identified in the Complaint.  Disclosure may be made to the charging party only when required in good faith to provide assistance in the preparation and trial of this lawsuit.

    (f)    Witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances:

      (i)    any witness may be shown material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy, and may be questioned concerning the material;

      (ii)    a current officer, director, or employee of a designating party may be shown that party's "CONFIDENTIAL" material, and may be questioned concerning the material;

      (iii)    any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's "CONFIDENTIAL" material, and may be questioned concerning the material; and

      (iv)    a former officer, director, or employee of a designating party may be shown that party's "CONFIDENTIAL" material, and may be questioned concerning the material, if it appears from the face of the material that the witness previously had access to the "CONFIDENTIAL" material while employed by the designating party, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order.

(g)    any expert or consultant (including their secretarial and clerical personnel) engaged by a party for the purpose of assisting in the preparation of this litigation and the trial of this lawsuit, provided, however, that no CONFIDENTIAL information shall be disseminated to any expert who is employed by a direct business competitor of a party or its affiliates;

(h)    court reporters engaged for transcribing depositions in this litigation and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Order and provided that they are supplied information designated "CONFIDENTIAL" only to the extent necessary to perform their duties; and

(i)    any other person, entity, or firm with the prior written consent of all parties.

4.    Nothing in this Agreement shall preclude any party from challenging a designation of "CONFIDENTIAL" by another party.

(a)    If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this Agreement, that party must provide at least five days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

(b) If, after the five-day period has expired, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging and designating parties shall contact the Court for a determination of whether the challenged designation is appropriate. The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged. The designating party has the burden of proving the applicability and/or correctness of any designation.

(c) If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

(d) If a party challenges a designation of "CONFIDENTIAL" to the Court, the material is to be treated as "CONFIDENTIAL" until such time as the Court has ruled on the challenge.

(e) The burden of proving the confidentiality of designated information remains at all times with the party asserting such confidentiality.

5. Nothing in this Agreement shall preclude any party from seeking from the Court an Order binding third parties to abide by this Agreement.

6. Within thirty days of the close of this litigation for any reason, each party shall retrieve all copies of materials designated "CONFIDENTIAL" from his or its own files, and from experts or other persons to whom he or it has provided such materials consistent with this Confidentiality Agreement, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify in writing to the designating party that all materials designated "CONFIDENTIAL" produced by such other party during this action have been destroyed. All material protected by this Confidentiality Agreement which has been placed in any computer databank, hard drive, or disk shall be completely erased, and any documents listing or summarizing information protected by this Confidentiality Agreement shall be destroyed within the same period.

4

7. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Agreement shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Agreement constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Agreement shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

8. Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings or the trial of this action or preclude the use of any confidential information in any court proceeding.

9. This Agreement is binding on all parties to this action.

10. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

11. To the extent that any information designated "CONFIDENTIAL" is proposed to be filed or is filed with the Court, the parties agree to seek the Court's permission to file

12. materials under seal in advance of filing. The parties further agree that where practicable, a redacted version of the document(s) will be filed on the public record.

**IT IS SO ORDERED**

<u>**s/Mark R. Abel**</u>
Hon. Mark R. Abel
United States Magistrate Judge for U.S. District Court for the Southern District of Ohio

Dated August 11, 2014

STIPULATED TO:

| | |
|---|---|
| Kathleen M. Portman (0085507) | Matthew J. P. Coffman (000000) |
| M. J. Asensio (0030777) | *Trial Attorney* |
| *Trial Attorney* | **COFFMAN LEGAL, LLC** |
| **BAKER & HOSTETLER, LLP** | 1457 S. High Street |
| 65 East State Street | Columbus, Ohio 43207 |
| Capitol Square, Suite 2100 | Phone: (614) 949-1181 |
| Columbus, OH 43215-4260 | Fax: (614) 386-9964 |
| Phone: (614) 462-2610 | Email: mcoffman@mcoffmanlegal.com |
| Fax: (614) 462-2616 | |
| Email: masensio@bakerlaw.com | |
| Email: kportman@bakerlaw.com | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 24, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                                                                  *Counsel for Defendants*